### JOHNSON et al. v. MUNDAY.

(Circuit Court of Appeals, Eighth Circuit. October 24, 1900.)

### No. 1,340.

EQUITY—JURISDICTION—MINING CLAIM—SUIT TO ESTABLISH ADVERSE CLAIM.

A suit in equity cannot be maintained in support of an adverse claim filed against the patenting of a mining claim to defendant, where complainant bases his claim upon a purely legal title acquired by a purchase of the property at sheriff's sale, the appropriate action being one at law.

Appeal from the Circuit Court of the United States for the District of Colorado.

Albert Smith (Charles J. Hughes, Jr., on the brief), for appellants. Charles M. Brown, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. M. B. Johnson and others filed an adverse claim against Daniel Munday to enter the Claire Maire and Maggie M. lode-mining claims in the land office at Denver, Colo., and brought an action at law in the United States circuit court in support of their adverse claim. A demurrer to the complaint in the action at law was sustained, whereupon the court, for some reason not disclosed by the record, ordered that the plaintiffs have "leave to file a bill in equity asserting title to the premises in controversy." Thereupon, the plaintiffs filed their bill in equity in this suit. The defendant demurred to the bill upon the ground, among others, that: "The matters and things set out in said bill of complaint, and for which relief is sought, are not cognizable in a court of equity." This demurrer was overruled, and the question raised by it is the only one we find it necessary to consider. The bill sets up and counts on a purely legal title to the premises in controversy acquired by the purchase of the same at sheriff's sale. No ground of equitable cognizance is alleged or shown. It is an ejectment bill pure and simple. It states a good cause of action at law, but not one within the jurisdiction of a court of equity. The bill rests the jurisdiction of the court in the action upon the diverse citizenship of the parties, and also upon the ground that an action in support of an adverse claim is one arising under the laws of the United States, of which the federal court has jurisdiction regardless of the citizenship of the parties; but since the decisions of the supreme court in the cases of Blackburn v. Mining Co., 175 U. S. 571, 20 Sup. Ct. 222, 44 L. Ed. 276, and Mining Co. v. Rutter, 177 U. S. 505, 20 Sup. Ct. 726, 44 L. Ed. 864, the last ground upon which the jurisdiction is claimed is untenable. The decree of the circuit court is

reversed, and the cause remanded, with instructions to that court to dismiss the bill for want of jurisdiction in equity, without prejudice to the complainants' right to assert their claim at law.